**XIAO FENG HUANG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 03–4388–ag.

United States Court of Appeals, Second Circuit.

Nov. 7, 2006.

---

Theodore N. Cox, Haley Stein, New York, NY, for Petitioner.

James R. Dedrick, Acting United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, TN, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

As an initial matter, the Respondent moves this Court to reconsider its decision denying their previous motion for an extension of time to file their brief. Although the government had already obtained two extensions, the government acted reasonably (based on the information provided by the clerk's office on February 22, 2006) by filing their brief on March 21, 2006. Moreover, Huang's attorney had consented to the previous two motions for extensions. Accordingly, we grant the government's motion and we have considered the government's arguments in reviewing the merits of Huang's case.

Petitioner Xiao Feng Huang, a native and citizen of China, seeks review of a

February 4, 2003, order of the BIA affirming the September 18, 2000, decision of Immigration Judge ("IJ") Paul DeFonzo denying petitioner's application for asylum and withholding of deportation. *In re Xiao Feng Huang*, No. A73 180 272 (B.I.A. Feb. 4, 2003), *aff'g* No. A73 180 272 (Immig. Ct. N.Y. City Sept. 18, 2000). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Huang's claim that the Chinese government had forcibly aborted her pregnancy in May 1990 was denied on adverse credibility grounds. We do not necessarily endorse all of the IJ's adverse credibility factors, but a sufficient weight of evidence survives scrutiny for this Court to confidently predict that the agency would reach the same conclusion on remand. *See Xiao Ji Chen*, 434 F.3d at 162. The IJ reasonably relied on various implausibilities relating to the events surrounding the abortion procedure, in making the adverse credibility finding. In addition, it was reasonable for the IJ to fault Huang for failing to present any corroboration from her husband, a person who would have been able to provide substantial support of her claims. Due to the implausibilities and lack of corroboration, it can be confidently predicted that the agency would affirm its adverse credibility determination on remand.

■ As to Huang's claim that she would be persecuted under the coercive family planning policy in China for having two children born in the United States, the IJ rejected the birth certificates proffered by Huang on the grounds that they were copies rather than originals, and that one was typed while the other was hand-written. The birth certificates were issued from two different hospitals, which may have had different policies as to how the birth certificates are completed; the form specifically states that the person could "type or print," and both appear to have identical seals from the state of New York. Moreover, it was unreasonable for the IJ to require Huang to present the originals of the birth certificates without first giving her an opportunity to comply with that request, particularly since she testified that she had the originals at home. *Cf. Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006) (holding that "an IJ may not rest an adverse credibility finding on non-dramatic putative contradictions or incongruities in an alien's narrative without first giving the applicant a chance to reconcile the testimony"). We have explained that

corroboration requirements were designed "not only to guard against arbitrary and excessive requests by an IJ, but also, and equally importantly, to guarantee applicants an opportunity to remedy the supposed evidentiary gap." *Id.* at 122 (internal citations omitted). In *Pavlova v. INS,* this Court approved of an IJ's reliance on the asylum applicant's failure to submit a hospital record that she testified was in her possession. 441 F.3d 82, 91 (2d Cir. 2006). Unlike the IJ in *Pavlova,* however, the IJ here did not provide Huang with an opportunity to present the original birth certificates, nor did he indicate at any point that her documents were suspicious, which would have made her aware of her need to present the originals. The IJ also cited the absence of any letter from Huang's husband discussing the children, but the failure to supply the originals of the birth certificates seems to be the chief ground for rejecting this claim. For these reasons, the petition for review is granted with respect to this claim for the agency to determine whether Huang has a well-founded fear of persecution, or a clear probability of persecution, under the Chinese coercive family planning policy on account her having two children born in the United States.

■ Although this Court has the authority to extend Huang's voluntary departure period, *see Thapa v. Gonzales,* 460 F.3d 323, 328–34 (2d Cir.2006), Huang waived this right by failing to raise it in her brief or file a motion for a stay of the voluntary departure period. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006) (governing waiver).

Accordingly, the petition for review is GRANTED in part, DENIED in part, the BIA's order is VACATED in part, and the case is REMANDED to the BIA for further proceedings with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).